UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**           **CASE NO.  3:21-CR-00296-01**

**VERSUS**          **JUDGE TERRY A. DOUGHTY**

**JALYN THOMPSON (01)**          **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Reduce Sentence Pursuant to USSG Amendment 821 [Doc. No. 77] filed by Jalyn Thompson ("Thompson"). A Retroactivity Report [Doc. No. 79] was filed by the United States Probation Office on November 13, 2023. An Opposition [Doc. No. 81] was filed by the United States of America (the "Government") on December 20, 2023. A Sentencing Memorandum under Retroactive Amendment 821 to the United States Sentencing Guidelines [Doc. No. 82] was filed by Thompson on December 28, 2023.

For the reasons set forth herein, Thompson's Motion is **DENIED**.

**I.  BACKGROUND**

On November 18, 2021, Thompson was indicted for Possession With Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and with Possession of a Firearm in Furtherance Of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)[1].

On May 3, 2022, Thompson pled guilty to the charge of Possession With Intent to Distribute Cocaine.[2] On February 1, 2023, Thompson was sentenced to a term of imprisonment of

---

[1] [Doc. No. 1]
[2] [Doc. No. 40]

1

70 months, supervised release of five (5) years, and was ordered to pay a special assessment of $100.00.[3]

On October 20, 2021, Thompson, along with Derek Tipps ("Tipps"), was stopped and eventually searched by the Louisiana State Police, and Thompson was found to be in possession of approximately twenty-five (25) pounds of cocaine.[4]

On November 3, 2023, the instant Motion was filed.[5] According to the Retroactivity Report,[6] the guideline range for Thompson's sentence was reduced from 59-71 months to 46-57 months. Although the charge required a minimum ten-year (120 month) sentence, Thompson had no prior convictions, and he was eligible for the "safety valve" provision, which resulted in a sentence below 120 months.

## II.   LAW AND ANALYSIS

In Part A of Amendment 821 to the United States Sentencing Commission Guidelines, the Sentencing Commission addressed the "status points" provision regarding criminal history. The amended provision results in a defendant that has seven criminal history points or more receiving one additional status point instead of two. The amended provision also results in a defendant that has six criminal history points or fewer receiving no status points.

In Thompson's case, Thompson had no criminal history points, had a criminal history category of I, and an offense level of 25. Thompson was "safety valve" eligible with an original guideline range of 57-71 months. The amendment results in an offense level of 23 and criminal history category of I, which results in a new guideline range of 46-57 months.

This amendment was made retroactive, but a court may not order the release of a defendant

---

[3] [Doc. Nos. 70, 71]
[4] [Doc. No. 79, p. 7, ¶¶ 13-17]
[5] [Doc. No. 77]
[6] [Doc. No. 79]

2

to occur prior to February 1, 2024.[7] In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment. The Supreme Court adopted the following two-step analysis:

> (1) determine the defendant's eligibility for sentence modification and determine what amended guideline range would have been applicable to the defendant;
>
> (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted in whole or in part under the particular circumstances of the case.

*Id*. A court generally may not reduce a defendant's sentence to less than the minimum of the substantiated guideline range.

Applying the *Dillon* first step, Thompson is eligible for the reduction. The second step requires evaluation of the 18 U.S.C. § 3553(a) factors. In evaluating the 18 U.S.C. § 3553(a) factors, additional reduction is not warranted. The charge Thompson was convicted of is severe. Although Thompson had not previously been convicted of a crime, he was in possession of 25 pounds (not grams) of cocaine. Thompson also received the benefit of the safety valve and already received a sentence below the minimum mandatory sentence of 120 months.

Thompson has had no disciplinary incidents while in custody. Overall, in applying the 18 U.S.C. § 3553(a) factors, this Court finds that Thompson is not entitled to a sentence reduction. These include the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence and to protect the public from further crimes of Defendant. Reducing the sentence of a Defendant who possessed 25 pounds of cocaine would not promote those things. Accordingly,

---

[7] USSG 1B1.10(c)(2) (Nov. 1, 2023)

Thompson's request is **DENIED**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Thompson's Motion to Reduce Sentence Pursuant to USSG Amendment 821 [Doc. No.77] is **DENIED.**

**MONROE, LOUISIANA**, this 4th day of January 2024.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**